## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JENNIFER MOORE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>BLUETRITON BRANDS, INC.,<br><br>        Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

1

Plaintiff Jennifer Moore ("Plaintiff"), individually and on behalf of all others similarly situated, by her undersigned counsel, for this Class Action Complaint against Defendant BlueTriton Brands, Inc., and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter referred to as "Defendant" or "BlueTriton"), alleges as follows:

## I.  INTRODUCTION

1.      This is a consumer protection and false advertising class action. Defendant markets, advertises, and distributes the Poland Spring brand of bottled water, which it prominently advertises as "100% Natural Spring Water" ("Poland Spring").

2.      Poland Spring is not 100% natural spring water for at least two reasons. First, it contains alarming levels of phthalates in each bottle, a synthetic chemical used as a plasticizer, increasing the flexibility, transparency, durability, and longevity of plastic products. Scientific studies have linked phthalates to numerous concerning and severe health effects, including heart problems and hormone disruption. There is currently no level of phthalates in food or beverages that is considered safe for consumption.

3.      Second, every bottle of Poland Spring contains dangerous levels of microplastics. Microplastics are fragments of plastic less than 5 millimeters in length, which, in the context of foods and beverages, are much smaller, typically less than 1/10 of a millimeter. Microplastic contamination is a pervasive problem in the plastic water bottle industry, with studies finding microplastic particles in over 90% of bottled water tested, with as many as 325 particles per liter tested. Studies of the impacts of microplastics in the human body are emerging, finding that exposure may be toxic and lead to numerous health problems, including heart problems, endocrine disruption, and chronic inflammation.

2

4.      Defendant represents Poland Spring to be nothing but natural spring water. Defendant has profited greatly from inducing consumers to buy Poland Spring instead of other bottled water products that are not advertised as "100% Natural Spring Water." In fact, Defendant is able to charge a price premium for Poland Spring because it is falsely labeled as "100% Natural Spring Water." As a result, consumers are willing to, and do, pay more than they pay for other comparable products that are not falsely labeled. Labeling Poland Spring as "100% Natural Spring Water" is deceptive and confusing. A reasonable consumer purchases Poland Spring believing they are getting a bottle of nothing but spring water from nature. Reasonable consumers, however, would not deem Poland Spring to be 100% natural spring water if they knew that the water in each bottle contains phthalates and microplastics.

5.      While it is undeniable that Poland Spring is a leading brand in the bottled water space in the Northeastern United States and a financial success, Defendant's success has been the result of deceptive business practices in the marketing and sale of Poland Spring.

6.      Plaintiff brings claims individually and on behalf of all similarly situated consumers against Defendant for breach of express warranty, unjust enrichment, negligent misrepresentation, and violations of New York General Business Law § 349 ("GBL 349") and New York General Business Law § 350 ("GBL 350").

## II. PARTIES

7.      Plaintiff Jennifer Moore is a citizen and resident of Brooklyn, New York. Throughout the Class period, Plaintiff has purchased, at various retail locations in New York, Poland Spring bottled water. Plaintiff made these purchases in reliance on the representations on the bottle labels that they contained nothing but "100% Natural Spring Water." Plaintiff would not

have purchased, and/or would not have paid a price premium for, Poland Spring had she known that it contained dangerous substances like phthalates and microplastics.

8.      Defendant BlueTriton Brands, Inc. is a Delaware corporation with its principal place of business in Stamford, Connecticut. Defendant is an American beverage company that produces and distributes numerous brands of bottled water throughout the United States. Defendant produces and distributes Poland Spring throughout the Northeastern United States, including New York, Connecticut, Rhode Island, Vermont, New Hampshire, Maine, Massachusetts, New Jersey, Pennsylvania, Maryland, and Delaware.

### III.  JURISDICTION AND VENUE

9.      <u>Subject Matter Jurisdiction</u>.  This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) in that: (1) this is a class action involving millions of class members; (2) Plaintiff proposes a nationwide class action, while Defendant is a citizen of Delaware and Connecticut; and (3) the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

10.     <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over Defendant because Defendant does business in and throughout the State of New York through the promotion, sale, marketing, and distribution of its products, and the wrongful acts alleged in this Complaint were committed in New York.

11.     <u>Venue</u>.  Venue is proper in this District pursuant to: (1) 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, and 28 U.S.C. § 1391(d) because the transactions giving rise to the claims occurred in in

this District; and (2) 28 U.S.C. § 1391(b)(3) in that Defendant is subject to personal jurisdiction in this District.

## IV.  FACTUAL ALLEGATIONS

**A.  BlueTriton Prominently and Consistently Advertises Poland Spring as "100% Natural Spring Water"**

12.    When an American consumer picks up a bottle of Poland Spring water for purchase, he or she expects it to contain one simple thing: 100% natural spring water.

13.    BlueTriton reinforces that expectation by labeling every bottle and case of Poland Spring with that exact description, in large, prominent letters on the front label of the product:





14.     Defendant's marketing, including its website, reiterates this core advertisement for its flagship Northeast product:

> Poland Spring® 100% Natural Spring Water is sustainably sourced from natural springs and served throughout the Northeast for more than 175 years. Available in a variety of sizes and bottles to match your needs.

*See* https://www.polandspring.com/products/spring-water.

15.     Defendant's financial performance reflects the enormous success of its marketing scheme. It is reportedly estimated that Defendant's annual revenue from sales of Poland Spring is $52.6 million per year. This success would be laudable if its core marketing representation of "100% Natural Spring Water" was actually transparent and honest.

## B.     Poland Spring Is Not "100% Natural Spring Water"

16.     Throughout the Class period, Poland Spring water bottles sold by Defendant have been and continue to be labeled as "100% Natural Spring Water."

17.     However, Poland Spring contains harmful levels of phthalates and microplastics. Recent phthalate testing by Consumer Reports detected the abundant presence of this harmful substance in Poland Spring.[1]

18.     As outlined in the Consumer Reports study:

[P]hthalates in our food are concerning for several reasons.

To start, growing research shows that they are endocrine disruptors, which means that they can interfere with the production and regulation of estrogen and other hormones. Even minor disruptions in hormone levels can contribute to an increased risk of several health problems, including diabetes, obesity, cardiovascular disease,

---

[1]     Lauren F. Friedman, *The Plastic Chemicals Hiding in Your Food*, CONSUMER REPORTS, updated Feb. 8, 2024, *available at* https://www.consumerreports.org/health/food-contaminants/the-plastic-chemicals-hiding-in-your-food-a7358224781/.

certain cancers, birth defects, premature birth, neurodevelopmental disorders, and infertility.

Those problems typically develop slowly, sometimes over decades, says Philip Landrigan, MD, a pediatrician and the director of the Program for Global Public Health and the Common Good at Boston College. "Unlike a plane crash, where everyone dies at once, the people who die from these die over many years."

Another concern is that with plastic so ubiquitous in food and elsewhere, the chemicals can't be completely avoided. And though the human body is pretty good at eliminating bisphenols and phthalates from our systems, our constant exposure to them means that they enter our blood and tissue almost as quickly as they're eliminated. And plasticizers in particular can easily leach out of plastic and other materials. In addition, the chemicals' harmful effects may be cumulative, so steady exposure to even very small amounts over time could increase health risks.

All that makes it difficult to trace any particular bad health outcome—say, a heart attack or breast cancer—to the chemicals. And it makes it hard for regulators to set a limit for what is considered safe for any food. "As a first step, the key is to determine how widespread the chemicals are in our food supply," Rogers says. "Then we can develop strategies, as a society and individually, to limit our exposure."[2]

19.     "While there is no level [of phthalates in food and beverages] that scientists have confirmed as safe, lower levels are better." Measured in nanograms, Consumer Reports found 4,217 total phthalates per plastic bottle serving of Poland Spring 100% Natural Spring Water, higher than the amount found in Pepsi or Gatorade.[3]

20.     Studies on the prevalence of microplastics in consumer food and beverages products, including bottled water, also have been alarming. As one study detailed:

Microplastics have been detected in several brands of plastic bottled water. It is believed that the microplastics originate from the plastic bottles themselves, as well as from the bottling and shipping process . . . .

[The study] examined microplastic contamination in bottled water from eleven brands purchased in nine countries. 93% of the 259 bottles that were tested had contamination. After background contamination was taken into consideration, an

---

[2]     *Id.*
[3]     *Id.*

average of 10.4 microplastic particles >100 μm per liter of water, largely in the form of pieces and fibers, was discovered. Polypropylene was the most common polymer (54%). Additionally, smaller particles measuring between 6.5 and 100 μm increased the average count to 325 particles per liter, with the observed range spanning from 0 to over 10,000 particles. The study raises the need for more investigation into the health effects of microplastics in bottled water by arguing that the contamination may be caused by the bottling or packaging processes.[4]

21.     These studies have associated chronic and severe health problems with ingestion of microplastics. For example, studies indicate that microplastic exposure may lead to or worsen certain cardiovascular conditions, including "hypertension, atherosclerosis, and heart rhythm disorders." Microplastics have been observed to interfere with heart function, and "the ability of microplastics to accumulate toxic chemicals from the environment adds another layer of concern for the cardiovascular system." Endocrine disruption also may result from microplastic exposure, which can impact "hormonal balance, reproductive function, development, and overall health." Exposure to microplastics also may be associated with significant gastrointestinal problems, including "inflammation of the digestive tract, constipation, irritable bowel syndrome, disruption of gut microbiota, and alterations in intestinal permeability."[5]

22.     Defendant represents prominently on its consumer packaging that Poland Spring is "100% Natural Spring Water." It is not.

---

[4]     Ebuka Chizitere Emenike, et al., *From oceans to dinner plates: The impact of microplastics on human health*," 9 HELIYON 10, Oct. 2023, *available at* https://www.sciencedirect.com/science/article/pii/S240584402307648X (citing Sherri A. Mason, et al., *Synthetic Polymer Contamination in Bottled Water*, 6 FRONT CHEM. 407, Sept. 2018, *available at* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6141690/#).

[5]     *Id.*

C.    **Poland Spring's "100% Natural Spring Water" Labeling is False and Misleading**

23.    The New Oxford American Dictionary defines "natural" as "existing in or caused by nature; not made or caused by humankind."[6]

24.    By labeling Poland Spring as "100% Natural Spring Water," Defendant represents that the *entire* contents of its bottled water "[exist] in or [are] caused by nature; not made or caused by humankind."[7]

25.    The presence of phthalates and microplastics renders Defendant's description of "100% Natural" false and misleading under an objective reasonable consumer standard.

26.    The FDA has not promulgated a regulation defining the term "natural." The FDA, however, has established a policy defining the outer boundaries of the use of the term "natural" by clarifying that a product is not natural if it contains color, artificial flavors, or synthetic substances.[8] Specifically, the FDA states: "the agency will maintain its policy (Ref. 32) regarding the use of 'natural,' as meaning that nothing artificial or synthetic (including all color activities regardless of source) has been included in, or has been added to, a food that would not normally be expected to be in the food." 58 Fed. Reg. 2302, 2407 (Jan. 6, 2003). Although this definition is not a regulation, it has been the FDA's most definitive statement of its view of "natural" food labeling.

27.    Congress has elsewhere defined "synthetic" to mean "a substance that is formulated or manufactured by a chemical process or by a process that chemically changes a substance extracted from naturally occurring plant, animal, or mineral sources, except that such term shall not apply to substances created by naturally occurring biological processes." 7 U.S.C. § 6502(21);

---

6    New Oxford American Dictionary 1167 (3d ed. 2010).
7    *Id.*
8    *See* https://www.fda.gov/food/food-labeling-nutrition/use-term-natural-food-labeling.

*see also* 7 C.F.R. § 205.1, *et seq.* (defining, in USDA's National Organic Program regulations, a "nonsynthetic" as "a substance that is derived from mineral, plant, or animal matter and does not undergo a synthetic process as defined in section 6502(21) of the Act (7 U.S.C. § 6502(21)")).

28.     The terms "synthetic" and "artificial" closely resemble each other and, in lay use, are considered synonymous. The scientific community defines "artificial" as something not found in nature, whereas "synthetic" is defined as something man-made, whether it merely mimics nature or is not found in nature.[9] In the scientific community, "synthetic" includes substances that are also artificial, but a synthetic substance also can be artificial or non-artificial.[10] The lay understanding of "artificial" is consistent with the scientific community's definition of "synthetic." Oxford Dictionaries, at www.oxforddictionaries.com, defines "artificial" as "made or produced by human beings rather than occurring naturally." The same reference source describes "synthetic" as a synonym of "artificial," and separately defines "synthetic" as something "made by chemical synthesis."

29.     The phthalates and microplastics found in Poland Spring are unnatural, synthetic substances that render its "100% Natural Spring Water" false and misleading.

---

[9] Peter E. Nielsen, *Natural – synthetic – artificial!*, ARTIF. DNA PNA & XNA, July-Sept. 2010, *available at* http://ncbi.nlm.nih.gov/pmc/articles/PMC3109441/.
[10] *Id.*

## V.  CLASS ACTION ALLEGATIONS

30.  <u>Class Definition</u>.  Pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), Plaintiff brings this case as a class action on behalf of classes of individuals in the United States, as well as a New York Sub-Class (collectively, the "Classes"), defined as follows:

> <u>Nationwide Class</u>:  All persons in the United States who purchased Poland Spring bottled water for their personal use and not for resale at any time within the applicable statute of limitations.

> <u>New York Sub-Class</u>:  All persons in the State of New York who purchased Poland Spring bottled water for their personal use and not for resale at any time within the applicable statute of limitations.

Excluded from the above Classes are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

31.  <u>Numerosity</u>.  The Classes are each so numerous that joinder of all members is impracticable. On information and belief, the Classes each have millions of members. Moreover, the disposition of the claims of the Classes in a single action will provide substantial benefits to all parties and the Court.

32.  <u>Commonality</u>.  There are numerous questions of law and fact common to Plaintiff and Class Members. These common questions of law and fact include, but are not limited to, the following:

a.  Whether Poland Spring is falsely labeled as "100% Natural Spring Water";

b.  Whether Defendant materially misrepresented to Class Members that Poland Spring is "100% Natural Spring Water" and free from unnatural contaminants;

c. Whether Defendant's misrepresentations and omissions were material to reasonable consumers;

d. Whether Defendant's labeling, marketing, and sale of Poland Spring constitutes deceptive conduct;

e. Whether Defendant's conduct described above constitutes a breach of warranty;

f. Whether Defendant was unjustly enriched due to its conduct;

g. Whether Defendant's conduct injured consumers and, if so, the extent of the injury; and

h. The appropriate remedies for Defendant's conduct.

33. Typicality. Plaintiff's claims are typical of the claims of the Classes. Plaintiff suffered the same injury as Class Members—i.e., Plaintiff purchased Poland Spring after seeing Defendant's misleading representations about the quality and contents of the bottled water and paid more money than she otherwise would have for the actual products she received.

34. Adequacy. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so. Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the proposed Classes.

35. Predominance. Defendant has engaged in a common course of conduct toward Plaintiff and Class Members. The common issues arising from this conduct that affect Plaintiff

13

and Class Members predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

36. <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. In this regard, the Class Members' interests in individually controlling the prosecution of separate actions are low given the magnitude, burden, and expense of individual prosecutions against large corporations such as Defendant. It is desirable to concentrate this litigation in this forum to avoid burdening the courts with individual lawsuits. Individualized litigation presents a potential for inconsistent or contradictory judgments, and also increases the delay and expense to all parties and the court system presented by the legal and factual issues of this case. By contrast, the class action procedure here will have no management difficulties. Defendant's records and other available records will identify the Class Members. The same common documents and testimony will be used to prove Plaintiff's claims as well as the claims of Class Members. Finally, proceeding as a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

37. <u>Injunctive and Declaratory Relief Appropriate</u>. A class action is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to Class Members, so that final injunctive relief or corresponding declaratory relief is appropriate as to all Class Members.

## VI. FIRST CLAIM FOR RELIEF

### (Breach of Express Warranty – All Classes)

38. Plaintiff realleges and incorporates by reference all preceding factual allegations.

39. Defendant provided Plaintiff and Class Members with written express warranties

including, but not limited to, warranties that Poland Spring was 100% natural spring water.

40.     These representations became part of the basis of the bargain between Plaintiff and Class Members, on the one hand, and Defendant, on the other.

41.     Defendant represented and warranted that Poland Spring was 100% natural spring water, but Defendant breached that warranty because Poland Spring actually contains unnatural substances, including phthalates and microplastics.

42.     Defendant made the above-described representations to induce Plaintiff and Class Members to purchase Poland Spring, and Plaintiff and Class Members relied on the representations in purchasing Poland Spring.

43.     All conditions precedent to Defendant's liability under the above-referenced contract have been performed by Plaintiff and Class Members, who paid the asking price for Poland Spring products.

44.     Defendant's breach resulted in damages to Plaintiff and Class Members, who bought Poland Spring but did not receive the goods as warranted.

45.     As a result of Defendant's breaches of express warranty, Plaintiff and Class Members were damaged in the amount of the purchase price they paid for Poland Spring. Plaintiff and Class Members were deprived of the benefit of their bargain and spent money on bottled water that did not have any value or had less value than warranted. Alternatively, Plaintiff and Class Members would not have purchased Poland Spring had they known the true facts about it.

## VII.  SECOND CLAIM FOR RELIEF

### (Unjust Enrichment/Common Law Claim for Restitution – All Classes)

46.     Plaintiff realleges and incorporates by reference all preceding factual allegations.

15

47.     Because of its wrongful acts and omissions, Defendant charged a higher price for Poland Spring than the bottled water's true value, and Defendant obtained monies that rightfully belong to Plaintiff and Class Members.

48.     Plaintiff and Class Members conferred a benefit on Defendant by purchasing Poland Spring.

49.     Defendant enjoyed the benefit of increased financial gains, to the detriment of Plaintiff and Class Members. It would be inequitable and unjust for Defendant to retain those wrongfully obtained profits.

50.     Plaintiff, therefore, seeks an order requiring Defendant to make restitution to her and Class Members.

## VIII.  THIRD CLAIM FOR RELIEF

### (Negligent Misrepresentation – All Classes)

51.     Plaintiff realleges and incorporates by reference all preceding factual allegations.

52.     Defendant made representations to Plaintiff and Class Members through the labeling, packaging, and marketing of Poland Spring that the bottled water was "100% Natural Spring Water." Defendant made these representations knowing that such claims would be material to a reasonable consumer's purchasing decision.

53.     Defendant's representations that Poland Spring was "100% Natural Spring Water" were false because Poland Spring did not meet the requirements to bear such claims. Defendant had no reasonable grounds for believing these representations were true when it made them, yet it intended that Plaintiff and Class Members would rely on these representations.

54.     Defendant had a pecuniary interest in the marketing, advertising, and promotion of Poland Spring and in making the careless, unreasonable, and negligent misrepresentations and omissions alleged herein, including to Plaintiff and Class Members.

55.     Defendant's misrepresentations were material because a reasonable consumer would attach importance to them in determining whether to purchase and consume Poland Spring.

56.     Defendant's material misrepresentations were false and made without reasonable grounds for believing them to be true.

57.     Defendant was in a superior position than Plaintiff and Class Members to know the material facts would influence a consumer's purchasing decision.

58.     Defendant could reasonably foresee that Plaintiff and Class Members were likely to rely upon the misrepresentations or omissions.

59.     Defendant made these material misrepresentations with the intent to induce Plaintiff and Class Members to purchase and consume Poland Spring.

60.     Under the circumstances, Defendant has a duty to disclose material, truthful information represented or omitted in its careless, unreasonable, and negligent misrepresentations and omissions, as set forth herein.

61.     Plaintiff and Class Members reasonably and materially relied on Defendant's material misrepresentations in choosing to purchase and consume Poland Spring.

62.     As a result, Plaintiff and Class Members were harmed and suffered damages in an amount to be proven at trial.

## IX.  FOURTH CLAIM FOR RELIEF

**(Violation of New York General Business Law § 349 – New York Sub-Class)**

63.     Plaintiff realleges and incorporates by reference all preceding factual allegations.

64.     GBL 349 prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York]."

65.     As fully alleged above, by advertising, marketing, distributing, and/or selling Poland Spring with claims that it was 100% natural spring water to Plaintiff and Class Members, Defendant engaged in, and continues to engage in, deceptive acts and practices because Poland Spring in fact contains unnatural substances, including phthalates and microplastics.

66.     Plaintiff and Class Members believed Defendant's representations that Poland Spring was 100% natural spring water, and they would not have purchased Poland Spring at a premium price—or at all—had they known the truth.

67.     Plaintiff and Class Members were injured in fact and lost money as a result of Defendant's conduct of improperly describing the products at issue. Plaintiff and Class Members paid for bottled 100% natural spring water but did not receive such products.

68.     The products Plaintiff and Class Members received were worth less than the products for which they paid. Plaintiff and Class Members paid a price premium on account of Defendant's misrepresentations that Poland Spring was 100% natural spring water.

69.     The foregoing acts and practices were directed at consumers.

70.     The foregoing deceptive acts and practices are misleading in a material way because the fundamentally misrepresent the contents of Poland Spring.

71.     Plaintiff and Class Members were injured as a direct and proximate result of Defendant's violation of GBL 349 because they paid for Poland Spring, which they would not have purchased or paid as much for, had they known the true facts.

72.     By reason of the foregoing, Defendant's conduct, as alleged herein, constitutes deceptive acts and practices in violation of GBL 349, and Defendant is liable to Plaintiff and Class Members for the actual damages that they have suffered as a result of Defendant's actions. The amount of such damages is to be determined at trial, but will not be less than $50.00 per violation. GBL 349(h).

73.     Plaintiff and Class Members seek to enjoin such unlawful deceptive acts and practices described above. Each Class Member will be irreparably harmed unless the Court enjoins Defendant's unlawful, deceptive actions in that Defendant will continue to falsely and misleadingly advertise Poland Spring, as detailed herein.

74.     Plaintiff and Class Members seek declaratory relief, restitution for monies wrongfully obtained, disgorgement of ill-gotten revenues and/or profits, injunctive relief prohibiting Defendant from continuing to disseminate its false and misleading statements, and other relief allowable under GBL 349.

## X.  FIFTH CLAIM FOR RELIEF

### (Violation of New York General Business Law § 350 – New York Sub-Class)

75.     Plaintiff realleges and incorporates by reference all preceding factual allegations.

76.     By the acts and conduct alleged herein, Defendant committed false advertising in the conduct of business, trade, or commerce in the state of New York.

19

77.     GBL 350-a defines "false advertising" as "advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect."

78.     The foregoing false advertisements are misleading in a material way because they fundamentally misrepresent the contents of Poland Spring to induce consumers to purchase it.

79.     Plaintiff and Class Members were injured as a direct and proximate result of Defendant's violation of GBL 350 because they paid for Poland Spring, which they would not have purchased or paid as much for, had they known the true facts.

80.     By reason of the foregoing, Defendant's conduct, as alleged herein, constitutes false advertising in violation of GBL 350, and Defendant is liable to Plaintiff and Class Members for the actual damages that they have suffered as a result of Defendant's actions. The amount of such damages is to be determined at trial, but will be consistent with the damages prescribed in GBL 350(e).

81.     Plaintiff and Class Members seek to enjoin such unlawful acts and practices described above. Each Class Member will be irreparably harmed unless the Court enjoins Defendant's unlawful, deceptive actions in that Defendant will continue to falsely and misleadingly advertise Poland Spring, as detailed herein.

82.     Plaintiff and Class Members seek declaratory relief, restitution for monies wrongfully obtained, disgorgement of ill-gotten revenues and/or profits, injunctive relief prohibiting Defendant from continuing to disseminate its false and misleading statements, and other relief allowable under GBL 350.

## XI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of Class Members, prays for judgment against Defendant as follows:

A.    Certification of the proposed Classes;

B.    Appointment of Plaintiff as representative of the Classes;

C.    Appointment of the undersigned counsel as counsel for the Classes;

D.    A declaration that Defendant's actions complained of herein violate the GBL.

E.    An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.    An order requiring Defendant to notify each and every individual and/or business who purchased Poland Spring of the pendency of the claims in this action in order to give such individuals and businesses an opportunity to obtain restitution from Defendant.

F.    An order compelling Defendant to engage in a corrective advertising campaign to inform the public concerning the true contents of Poland Spring, including a recall of the falsely and deceptively labeled bottled water.

G.    An order requiring Defendant to disgorge and make restitution of all monies Defendant acquired by means of the unlawful practices set forth herein;

H.    An award to Plaintiff and the Classes of damages, as allowed by law;

I.    An award to Plaintiff and the Classes of attorneys' fees and costs, as allowed by law and/or equity;

J.    Leave to amend this Complaint to conform to the evidence presented at trial; and

K.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

## XII.  DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

Dated:  March 5, 2024                    **AHDOOT & WOLFSON, PC**

By:      /s/ *Tina Wolfson*_____
Tina Wolfson (NY Bar No. 5436043)
*twolfson@ahdootwolfson.com*
Bradley K. King (NY Bar No. 5585336)
*bking@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel: (917) 336-0171
Fax: (917) 336-0177

*Counsel for Plaintiff and the proposed Classes*