WHITE & CASE

April 29, 2024

VIA ECF

The Honorable Frederic Block
United States District Judge
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

White & Case LLC
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

**Re:  *Moore v. BlueTriton Brands, Inc.*, No. 1:24-cv-01640 (FB) (TAM)**

Dear Judge Block:

We represent defendant BlueTriton Brands, Inc. ("BTB") in this action.  In accordance with Section 2.A of Your Honor's Motion Rules, we submit this letter to request a pre-motion conference regarding BTB's request for leave to file a Motion to Stay and to defer the deadline for BTB to move, answer, or otherwise plead in response to the complaint until after the Court lifts the stay or denies the motion.  In the alternative, BTB requests leave to also file a Motion to Dismiss on the grounds set forth below.

**Motion to Stay.**  BTB seeks leave to file a motion to stay this action pending resolution of *Patane v. Nestlé Waters North America, Inc.*, No. 3:17-cv-01381 (D. Conn.), a putative class action filed in 2017.  Here, Moore alleges the claim "100% Natural Spring Water" on the label of Poland Spring® brand bottled water is deceptive because the water allegedly contains phthalates and microplastics, and thus, she paid a price premium.  Compl. ¶ 4.  Based on these allegations, Moore asserts claims for violation of New York General Business Law ("GBL") sections 349 and 350 and several follow-on claims.  The *Patane* plaintiffs assert claims under various state consumer protection laws (including GBL sections 349 and 350) that the same "100% Natural Spring Water" claim deceived Poland Spring® purchasers because the product does not contain genuine spring water.  The *Patane* plaintiffs seek certification of "[a]ll persons or entities in the States of New Jersey, New York, Connecticut, Rhode Island, Vermont, New Hampshire, Maine and the Commonwealths of Massachusetts and Pennsylvania that purchased Poland Spring Water for consumptive purposes after November 5, 2003," and state sub-classes.  *Id.*, ECF No. 151, ¶ 819.

"It is within the sound discretion of a district court to enter a stay pending the outcome of independent proceedings that are likely to affect a case on its calendar." *Trikona Advisors Ltd. v. Kai-Lin Chuang*, No. 12-3886, 2013 WL 1182960, at *2 (E.D.N.Y. Mar. 20, 2013); *see also Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).  A stay is warranted for at least two reasons.  *First*, the putative class here, Compl. ¶ 30, substantially overlaps with those in *Patane*.  Thus, if a class is certified in *Patane*—which has been pending for six years—any judgment or settlement likely will bind putative class members in six states, including New York.  *See Readick v. Avis Budget Grp., Inc.*, No. 12-3988 PGG, 2014 WL 1683799, at *4 (S.D.N.Y. Apr. 28, 2014) (staying later-filed class action where "any judgment or settlement" in more advanced earlier case would likely bind plaintiffs).  *Second*, the parties in *Patane* are currently litigating the effect of a

WHITE & CASE

Hon. Frederic Block
April 29, 2024

2003 court-approved class settlement that released claims against Nestlé Waters North America and its successors (*i.e.*, BTB) based on "the labeling and advertising of Poland Spring brand bottled water products as stating or implying that the water is 'spring water' or 'natural.'" *See Patane*, No. 3:17-cv-01381, ECF No. 53. If the *Patane* court determines the *res judicata* effect of that settlement bars the plaintiffs from challenging the labeling of Poland Spring® bottled water, that ruling could collaterally estop Moore from relitigating that issue here. Thus, the interests of the parties and the Court favor staying this case until *Patane* is resolved.

**Motion to Dismiss.** If not deferred, BTB requests leave to move to dismiss on several grounds.

***Moore lacks standing.*** Moore fails to plead a particularized injury because she does not plausibly allege the Poland Spring® bottled water she purchased contained microplastics or phthalates. Moore does not allege she tested the specific bottles of Poland Spring® water she purchased. Regarding microplastics, Moore relies on generalized statements about microplastics in bottled water from third party studies that did not specifically test Poland Spring® water. *See* Compl. ¶¶ 20-21. Regarding phthalates, Moore relies on third-party testing of "two or three samples" of Poland Spring® bottled water. *See* Lauren F. Friedman, *The Plastic Chemicals Hiding in Your Food,* CONSUMER REPORTS (Jan. 4, 2024), *https://www.consumerreports.org/health/food-contaminants/the-plastic-chemicals-hiding-in-your-food-a7358224781/* (cited in Compl. ¶¶ 17-19). As courts have recently held, however, to rely on third-party testing, Moore must "establish that the tests occurred reasonably near in time to [her] purchases" and that the testing shows the presence of the substance is "so widespread as to render it plausible that any Plaintiff purchased a mislabeled Product at least once." *Onaka v. Shiseido Americas Corp.*, No. 1:21-1066, 2024 WL 1177976, at *2 (S.D.N.Y. Mar. 19, 2024); *accord Brown v. Coty, Inc.*, No. 22-cv-2696, 2024 WL 894965, at *3 (S.D.N.Y. Mar. 1, 2024). Moore's allegations regarding testing of entirely different products, or of only two or three samples of Poland Spring® water, do not meet these requirements. Moore also fails to link the timing of her purchases to the timing of the studies she cites.

Moore's bare allegation that she "paid a price premium" or was "deprived of the benefit of the bargain," Compl. ¶¶ 7, 45, also does not establish concrete economic harm. In cases alleging purportedly unsafe chemicals in consumer products, a consumer who received and consumed a functioning product without incident lacks standing. *See, e.g.*, *In re Johnson & Johnson Talcum Powder*, 903 F.3d 278, 287, 290 (3d Cir. 2018). Moore also does not plausibly allege the presence of microplastics or phthalates inherently renders the product inferior, negating her price-premium theory. *See, e.g.*, *Estrada v. Johnson & Johnson*, No. 16-7492, 2017 WL 2999026, at *15 (D.N.J. July 14, 2017), *aff'd* 903 F.3d 278 (3d Cir. 2018). Moore also lacks standing because she does not allege a desire to purchase Poland Spring® water in the future. *See, e.g.*, *In re Edgewell Pers. Care Co. Litig.*, No. 16-3371, 2018 WL 7858623, at *15-16 (E.D.N.Y. Sept. 4, 2018).

***Moore's claims are preempted.*** Sections 403A and 337(a) of the Federal Food, Drug, and Cosmetic Act preempt Moore's claims. Because FDA has issued a standard of identity for bottled "spring water," 21 C.F.R. § 165.110(a)(2)(vi), "a State may not impose a 'spring water' requirement that varies in scope or substance from the federal definition." *Patane v. Nestlé Waters N. Am., Inc.*, 314 F. Supp. 3d 375, 885 (D. Conn. 2018). By challenging the claim of "100% Natural Spring Water" on the bottled water label, Moore either alleges BTB failed to disclose

2

WHITE & CASE

Hon. Frederic Block
April 29, 2024

spring water otherwise meeting the standard of identity may contain microplastics (which Section 403A bars because such a disclosure requirement would depart from the FDCA), or BTB's bottling processes contaminated the natural spring water Moore purchased (which Section 337(a) preempts because it bars private enforcement of the standard of identity for "spring water").  FDA also expressly permits phthalates in food contact applications and excuses manufacturers from disclosing the presence of trace amounts of migratory substances.

***Moore fails to allege a violation of the GBL.***  To state a claim under GBL sections 349 and 350, Moore must allege BTB engaged in "consumer-oriented conduct" that is "materially misleading" and she suffered injury as a result.  *Orlander v. Staples, Inc*., 802 F.3d 289, 300 (2d Cir. 2015).  To meet this standard, Moore must establish "a significant portion of the general consuming public or of targeted customers, acting reasonably in the circumstances, could be misled."  *Sarr v. BEF Foods, Inc*., No. 18-6409, 2020 WL 729883, at *3 (E.D.N.Y. Feb. 13, 2020).  A reasonable consumer would understand "100% Natural Spring Water" to plainly refer to the **source** of the spring water and not to be a claim about the absence of substances that are ubiquitous in nature.

***Moore fails to state a claim for negligent misrepresentation.***  To allege negligent misrepresentation, Moore must allege: "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information."  *Sarr*, 2020 WL 729883, at *6 (cleaned up).  In addition to the pleading defects identified above, Moore has not adequately alleged a special relationship.  Her allegation that "[u]nder the circumstances, [BTB] has a duty to disclose material, truthful information represented or omitted," Compl. ¶ 60, is insufficient.  *See, e.g.*, *Sarr*, 2020 WL 729883, at *6 (defendant's "status as a trusted brand . . . does not give rise to a duty to impart correct information").

***Moore fails to allege breach of express warranty.***  To allege a breach of express warranty, Moore must allege: "(i) a *material statement* amounting to a warranty; (ii) the buyer's *reliance* on this warranty as a basis for the contract with his immediate seller; (iii) the *breach* of this warranty; and (iv) injury to the buyer *caused* by the breach."  *Avola v. La.-Pacific Corp*., 991 F. Supp. 2d 381, 391 (E.D.N.Y. 2013) (emphasis in original).  Moore's claim fails because BTB did not expressly warrant Poland Spring® bottled water is free of microplastics or phthalates.  Compl. ¶ 39.

***Moore fails to plead reliance.***  Moore's claims also fail because she does not plead reliance with specificity.  Her allegation that she purchased Poland Spring® water "in reliance on the representations on the bottle labels that they contained nothing but '100% Natural Spring Water,'" Compl. ¶ 7, is insufficient.  *See, e.g.*, *Oden v. Bos. Sci. Corp.*, 330 F. Supp. 3d 877, 895 (E.D.N.Y. 2018) (dismissing express warranty claim where plaintiff failed to provide "any underlying factual details concerning when, where and how . . . reliance arose"), *adhered to on reconsideration*, No. 18-0334, 2019 WL 1118052 (E.D.N.Y. Mar. 11, 2019).

***Moore fails to state a claim for unjust enrichment.***  Moore's claim for unjust enrichment relies on her other claims and should be dismissed for the same reasons.  *See, e.g.*, *Corsello v. Verizon N.Y., Inc.*, 967 N.E.2d 1177, 1185 (N.Y. 2012) (unjust enrichment claim that "simply duplicates, or replaces, a conventional contract or tort claim" fails).

3

WHITE & CASE

Hon. Frederic Block
April 29, 2024

Respectfully submitted,

Bryan A. Merryman

cc:  Counsel of Record via ECF

WHITE & CASE

4

AMERICAS 126786254