Case 1:24-cv-01640-FB-TAM    Document 11    Filed 05/06/24    Page 1 of 4 PageID #: 44



May 6, 2024

VIA ECF
The Honorable Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Moore v. BlueTriton Brands, Inc.*, No. 1:24-cv-1640 (FB) (TAM)

Dear Judge Block:

On behalf of Plaintiff Jennifer Moore and the proposed class, we submit this letter in response to the letter filed by Defendant BlueTriton Brands, Inc. on April 29, 2024. ECF No. 9 ("Ltr."). Should Your Honor grant BlueTriton leave to file its stated motions, Plaintiff intends to oppose them as follows.

**Motion to Stay.** No stay is warranted. BlueTriton claims a stay is warranted for two reasons: "First, the putative class here, Compl. ¶ 30, substantially overlaps with those in *Patane*. Thus, if a class is certified in *Patane*—which has been pending for six years—any judgment or settlement likely will bind putative class members in six states, including New York." Ltr. at 1.

BlueTriton is seeking to invoke the "first-filed rule," which applies "where the two actions involve the same parties and embrace the same issues[.]" *GMT Corp. v. Quiksilver*, No. 02 CIV. 2229, 2002 WL 1788016, at *1 (S.D.N.Y. Aug. 1, 2002). "Despite some cases applying the first-filed rule to similar putative class actions, this Court is skeptical that the first-filed rule is generally appropriate in that context." *Shimon v. Equifax Info. Servs. LLC*, No. 18-cv-2959, 2018 WL 4906245, at *2 (E.D.N.Y. Oct. 9, 2018), *aff'd*, 994 F.3d 88 (2d Cir. 2021). Courts "must carefully consider whether the suits are, in fact, duplicative, and must 'not be swayed by a rough resemblance between the two suits without assuring itself that . . . the claims asserted in both suits are also the same.'" *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 539 (S.D.N.Y. 2013) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 136 (2d Cir. 2000)).

As between this case and *Patane*, neither the parties nor the issues are "substantially similar." First, the class alleged here is nationwide; the putative class in *Patane* includes purchasers of Poland Spring in just six states. 314 F. Supp. 3d 375, 379 (D. Conn. 2018). Thus, a substantial portion of potential class members here will be unaffected by any judgment in *Patane*. Moreover, the issues in this case and *Patane* are not "substantially similar." As BlueTriton acknowledges, the *Patane* plaintiffs claim the "'100% Natural Spring Water' claim deceived Poland Spring® purchasers because the product does not contain genuine spring water," Ltr. at 1, whereas Plaintiff here claims the labeling is deceptive because the water contains phthalates and microplastics. The factual issues in this case are wholly different from the evidence needed by the *Patane* plaintiffs to prove their claims.

The only case BlueTriton cites on this issue provides no support for a stay in this case, as that court granted a stay where "two actions involve[d] substantially duplicative claims" and "[t]he outcome of both Actions depend[ed] on resolution of the exact same issues[.]" *Readick v. Avis Budget Grp., Inc.*, No. 12 CIV. 3988, 2014 WL 1683799, at *5 (S.D.N.Y. Apr. 28, 2014). Further, in *Readick*, the earlier-filed *Mendez* action was on behalf of a nationwide class, while *Readick* filed only on behalf of New York residents. Thus, the Court found that the "putative *Mendez* class subsumes the putative *Readick* class, and that any judgment or settlement in *Mendez* would likely bind the *Readick* plaintiffs." *Id.* That is precisely the opposite of the situation here, where a judgment in *Patane* would not bind all class members in this case. *Shimon*, 2018 WL 4906245, at *3 (finding that the first-filed rule should not be applied to stay or dismiss claims where putative class actions do not entirely overlap).

BlueTriton also seeks a stay because "the parties in *Patane* are currently litigating the effect of a 2003 court-approved class settlement" that BlueTriton claims might estop Plaintiff here from asserting her claims on the ground of res judicata. This argument is completely baseless. First, the *Patane* court has already ruled that the judgment in *Ramsey v. Nestlé Waters N. Am.*, No. 03 CHK 817 (Ill. Cir. Ct., Nov. 5, 2003), does not have res judicata effect in *Patane*: "Because plaintiffs' claims are wholly based on alleged ongoing conduct that post-dates the *Ramsey* settlement, I conclude that res judicata does not apply. The Ramsey settlement agreement does not preclude this action." 314 F. Supp. 3d at 384. The *Patane* court correctly found that res judicata did not apply because the required "identity of the parties" was lacking where the claims of the *Patane* plaintiffs arose after the *Ramsey* judgment was entered. *Id.* at 382. Moreover, *Ramsey* cannot have preclusive effect in this case because there is no identity of causes of action: as in *Patane*, the *Ramsey* plaintiffs challenged the identity of the Poland Spring product as "spring water," *id.* at 381, while Plaintiff here does not. Simply put, the *Patane* court's ultimate ruling as to the res judicata effect of *Ramsey* in that case will have no bearing on this case.

**Motion to Dismiss.** BlueTriton's arguments for dismissal also are not convincing.

***Plaintiff has standing.*** BlueTriton argues that Plaintiff lacks standing because she relied on third-party testing, and did not specifically test the bottles of Poland Spring water she purchased and "fails to link the timing of her purchases to the timing of the studies she cites." Ltr. at 2. As BlueTriton concedes, and the cases it cites explicitly acknowledge, "[t]he fact that plaintiffs did not actually test the products that they purchased does not mean that they lack standing." *Brown v. Coty, Inc.*, No. 22 CIV. 2696 (AT), 2024 WL 894965, at *3 (S.D.N.Y. Mar. 1, 2024) (internal citation omitted); *see also Mancuso v. RFA Brands, LLC*, 454 F. Supp. 3d 197, 204 (W.D.N.Y. 2020) (allegations based on the testing of a different power bank of the same make and model are sufficient to confer standing). Plaintiff's references to the Consumer Reports testing sufficiently establish standing. Compl. ¶¶ 17-19.

BlueTriton also is wrong that Plaintiff lacks standing because she "consumed a functioning product without incident." Ltr. at 2. Plaintiff need only allege that, "on account of a materially misleading practice, she purchased a product and did not receive the full value of her purchase." *Orlander v. Staples, Inc.*, 802 F.3d 289, 302 (2d Cir. 2015). Plaintiff establishes standing by alleging that she "would not have purchased, and/or would not have paid a price premium for, Poland Spring had she known that it contained dangerous substances like phthalates and microplastics." Compl. ¶ 7. Furthermore, unlike BlueTriton's contention, "a Plaintiff in a consumer protection suit has standing to seek injunctive relief regardless of any promises to purchase the products in questions in the future." *Petrosino v. Stearn's Prod., Inc.*, No. 16-cv-7735, 2018 WL 1614349, at *5 (S.D.N.Y. Mar. 30, 2018).

***Plaintiff's claims are not preempted.*** BlueTriton argues that Plaintiff's claims are preempted because the FDA has issued a standard of identity for bottled "spring water." Ltr. at 2. Yet BlueTriton's reliance on FDCA sections 403A and 337(a) is misplaced: "[t]hese provisions, however, relate only to enforcement of the FDCA. [Plaintiff's] 'spring water' claims arise purely from state law. To be sure, the state laws are based on federal regulations, as the FDCA requires them to be, but Section 337 is silent as to these state law suits." *Vermont Pure Holdings, Ltd. v. Nestle Waters N. Am., Inc.*, No. 03-cv-11465, 2006 WL 839486, at *6 (D. Mass. Mar. 28, 2006) ("spring water" claims are not preempted to the extent that they are based solely on state laws, including New York, that provide private rights of action and have adopted the FDA definition of "spring water."). The same principles apply here. Further, BlueTriton's reliance on *Patane* is unhelpful, as that court subsequently found the New York plaintiffs' claims were *not* preempted by the FDCA. *See* 369 F. Supp. 3d 382, 395 (D. Ct. 2019).

***Plaintiff sufficiently pleads her GBL claim.*** BlueTriton argues that a significant portion of consumers would not be misled about the "100% Natural Spring Water" label. However, courts have held that labeling claims like "pure" and "100% natural" indicate the absolute absence of contaminants. *E.g.*, *Axon v. Florida's Nat. Growers, Inc.*, 813 F. App'x 701, 705 (2d Cir. 2020); *Scholder v. Sioux Honey Ass'n Coop.*, No. 16-cv-5369, 2022 WL 125742, at *3 (E.D.N.Y. Jan. 13, 2022). A party seeking to dismiss a false labeling claim must "'extinguish . . . the possibility' that a reasonable consumer could be misled[.]" *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 278 (E.D.N.Y. 2021).

***Plaintiff sufficiently pleads negligent misrepresentation***. "[A] sparsely pled special relationship of trust or confidence is not fatal to a claim for negligent misrepresentation" so long as the complaint "emphatically alleges" (1) that the person making the representation "held or appeared to hold unique or special expertise" and (2) the speaker "was aware of the use to which the information would be put and supplied it for that purpose[.]" *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 188 (2d Cir. 2004) (citations and internal quotation marks omitted).

***Plaintiff sufficiently pleads breach of express warranty.*** "Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty." N.Y. U.C.C. § 2–313(1)(a). "It is not necessary to the creation of an express warranty that the seller use formal words such as 'warrant' or 'guarantee' or that he have a specific intention to make a warranty." *Id.* § 2-313(2); *see also Richardson v. Edgewell Pers. Care, LLC*, No. 23-cv-128, 2023 WL 7130940, at *2 (2d Cir. Oct. 30, 2023) (labeling "Reef Friendly*" is an express warranty).

***Plaintiff sufficiently pleads reliance.*** "The reliance element requires no more than reliance on the express warranty as being a part of the bargain between the parties." *Mason v. Reed's Inc.*, 515 F. Supp. 3d 135, 146 (S.D.N.Y. 2021) (cleaned up). Plaintiff's allegations are sufficient as she "made these purchases in reliance on the representations on the bottle labels." Compl. ¶ 7.

***Plaintiff sufficiently pleads unjust enrichment.*** Under New York law, a claim for unjust enrichment requires a showing "(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006). Plaintiff sufficiently alleges these elements. Compl. ¶¶ 47-49.

Hon. Frederic Block<br>
May 6, 2024<br>
Page 4

                                                Respectfully submitted,
                                                AHDOOT & WOLFSON, PC

                                                By:  Bradley K. King

cc: counsel of record (via ECF)

(888) 333-8996  \  2600 W OLIVE AVENUE, SUITE 500 • BURBANK, CA 91505-4521  \  AHDOOTWOLFSON.COM